UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-CR-20468-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROKEIA CHA'RON BARNES SPENCER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE was referred to the undersigned Magistrate Judge by the Honorable Donald M. Middlebrooks, United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Rokeia Cha'ron Barnes Spencer. Pursuant to that reference, the undersigned conducted a change of plea hearing on August 17, 2018. This Court makes the following findings, and recommends that the guilty plea be accepted and that the Defendant be adjudicated guilty of the offenses to which she has pled guilty.

1. At the outset of the hearing, this Court advised the Defendant of her right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised the Defendant that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the government attorney assigned to this case. This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all

findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. This Court advised the Defendant that she did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by a United States District Judge. The Defendant, the Defendant's attorney and the government attorney all consented on the record to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed that plea agreement on the record and the Defendant acknowledged that she understood each term of the plea agreement and that she had signed the plea agreement. This Court also made certain that the Defendant was aware of the maximum sentence which could be imposed in this case pursuant to that plea agreement and the applicable statutes, including forfeiture and restitution.

5. The Defendant pled guilty to Counts 5 and 7 of the indictment. Count 5 charges her with Possession of Fifteen or More Unauthorized or Counterfeit Access Devices, in violation of Title 18, United States Code, Section 1029(a)(3);. Count 7 charges her with Aggravated Identity Theft, in violation of Title 18 U.S.C. § 1028(A). The Government agrees to dismiss all remaining counts as to this Defendant at sentencing.

6. To set forth the factual basis for the entry of the plea, Government orally provided a factual proffer in Court. The factual proffer established all of the essential elements of the crimes

to which the Defendant is pleading guilty. The Defendant acknowledged that the facts contained in the factual proffer were true, and that she was pleading guilty because she was guilty. The Court advised the Defendant that as to Count 5, there is a statutory maximum term of imprisonment of up to ten (10) years, followed by a supervised release term of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order restitution; as to Count 7, the Court must impose a mandatory sentence of two (2) years' imprisonment, to run consecutive to any sentence imposed as to Count 5, followed by a term of supervised release of up to one (1) year. The Defendant acknowledged that she understood the possible maximum penalties which could be imposed in her case.

7. Defendant acknowledged that she is satisfied with her attorney and that she has had a full opportunity to discuss all facets of her case with him.

8. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. In addition, the undersigned specifically finds that the Defendant's waiver of her right to appeal her sentence in this case is knowing and voluntary. Therefore, this Court recommends that the Defendant be found to have freely and voluntarily entered her guilty plea to counts 5 and 7 of the indictment, and that the Defendant be adjudicated guilty of those offenses.

A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing is scheduled for October 16, 2018 at 10:30A.M. in Miami. The Defendant remains on bond pending sentencing.

Therefore, it is hereby

RECOMMENDED that Defendant Barnes Spencer's plea of guilty be accepted, that the Defendant be adjudicated guilty of the offenses to which she has entered her plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald M. Middlebrooks, United States District Judge. Failure to file timely objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals (even under a plain error standard). See Fed. R. Crim. P. 59(b)(1), (2); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**DONE** and **SUBMITTED** this 18th day of August, 2018.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE